## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

EUSEBIO PEREZ and CONSTANTINO PEREZ,

        Plaintiffs,

v.

MONICA'S DINER, INC. a/k/a MONICA'S GRILL, f/k/a AUNT MILLIE'S DINER and MONICA AVILA individually,

        Defendants.

## COMPLAINT AT LAW

Plaintiffs, Eusebio Perez and Constantino Perez, by and through their attorneys, Caffarelli & Associates Ltd., for their Complaint at Law against Defendants Monica's Diner, Inc., a/k/a Monica's Grill, f/k/a Aunt Millie's Diner ("Diner" or "Company") and Monica Avila ("Avila"), individually, states as follows:

### NATURE OF ACTION

1.      Plaintiffs bring this lawsuit pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") and Illinois Minimum Wage Law, 820 Ill. Comp. Stat. 105/1, *et seq.* ("IMWL"). Specifically, Defendants violated the FLSA and IMWL by failing to pay Plaintiffs one and one-half times their regular rate of pay ("overtime") for hours worked in excess of forty (40) per individual workweek.

### JURISDICTION AND VENUE

2.      This Court has jurisdiction of this action under the provisions of the FLSA pursuant to 29 U.S.C. § 216(b), and 28 U.S.C. § 1331.  This Court has supplemental jurisdiction over the state law claim pursuant to 28 U.S.C. § 1367.

3.     The unlawful employment practices described herein were committed within the State of Illinois, at Defendant Diner's facility located in Waukegan, Lake County, Illinois. Accordingly, venue in the Northern District of Illinois is proper pursuant to 28 U.S.C. § 1391(b).

### PARTIES

4.     Plaintiff, Eusebio Perez ("Eusebio"), resides in Waukegan, Illinois and was formerly employed by Defendants as a cook from in or about 2004 through on or about October 2, 2017.

5.     Plaintiff, Constantino Perez ("Constantino"), resides in Waukegan, Illinois and was formerly employed by Defendants as a preparer from in or about 2007 through on or about October 2, 2017.

6.     During the statutory period, Plaintiffs were "employees" of Defendants as defined by the FLSA.

7.     During the statutory period, Plaintiffs were "employees" of Defendants as defined by the IMWL.

8.     During the course of their employment, Plaintiffs were not exempt from the maximum hours provisions of the FLSA, 29 U.S.C. § 207.

9.     During the course of their employment, Plaintiffs were not exempt from the maximum hours provisions of the IMWL, 820 Ill. Comp. Stat. 105/4a.

10.     Defendant Diner is an Illinois corporation engaged in the restaurant business. Monica's Diner is located at 1541 Belvidere Street, Waukegan, Illinois.

11.     Defendant Avila is the president and owner of Monica's Diner.  During the relevant time period, Defendant Avila had the authority to, and did, hire and fire employees of the Diner; direct and supervise the work of Diner employees; sign on the Diner's checking

accounts, including payroll accounts; and make or participate in decisions regarding employee compensation for the Diner.

## FACTUAL ALLEGATIONS

12.    Defendants employed Eusebio as a cook from in or about 2004 through on or about October 2, 2017.

13.    From 2015 through March 26, 2016, Defendants paid Eusebio at a rate of $13.75 per hour.

14.    From March 27, 2016 through October 2, 2017, Defendants paid Eusebio at the rate of $14.00 per hour.

15.    Defendants employed Constantino as a preparer from on or about 2007 through on or about October 2, 2017.

16.    In September 2015, Defendants paid Constantino at the rate of $8.25 per hour.

17.    From September 27, 2015 through April 1, 2017, Defendants paid Constantino at the rate of $9.00 per hour.

18.    From April 2, 2017 through October 2, 2017, Defendants paid Constantino at the rate of $10.00 per hour.

19.    Throughout the statutory period, Plaintiffs regularly arrived to work between 5:50 AM and 6:10AM.

20.    Throughout the statutory period, Plaintiffs typically ended work between 2:15 PM and 4:00PM.

21.    Throughout the statutory period, Eusebio worked for Defendants 6 days per week. He typically did not work on Tuesdays.

22.     Throughout the statutory period, Constantino worked for Defendants 6 days per week.  He typically did not work on Mondays.

23.     Throughout the statutory period, Plaintiffs worked for Defendants between 50 and 60 hours per week.

24.     Each week, Defendants split Plaintiffs' wages between a paycheck and cash.

25.     Defendants issued paychecks to Plaintiffs for thirty-two (32) hours or forty (40) hours they worked in any given workweek.

26.     Defendants paid Plaintiffs for additional hours they worked per week in cash.

27.     Defendants did not pay Plaintiffs at the rate of one and one-half times their regular hourly rate for weeks in which they worked more than forty (40) hours.

28.     Defendants did not pay Plaintiffs at the rate of one and one-half times their regular hourly rate at any time during their employment.

29.     Defendants did not keep track of all of Plaintiffs' actual hours of work.

30.     Defendants did not keep proper records of all of Plaintiffs' actual hours of works.

31.     The Diner had a time-card machine where employees could punch in and out of work.  However, the machine was frequently broken and employees were not required to use it to punch in or out of work.  Even when the time-card machine was operational, Defendants did not rely upon the actual hours of work as reflected on the time cards to calculate hours in order to properly pay Plaintiffs.

32.     Instead, Defendants persisted in only documenting less than forty hours of work for the Plaintiffs.

33.     Defendants did not properly pay Plaintiffs' based on their actual hours of work.

34.     Plaintiffs regularly worked in excess of forty (40) hours per week.

35.     Plaintiffs were entitled to be compensated at an overtime rate for all hours worked in excess of forty (40) per week.

36.     Defendants failed to compensate Plaintiffs at an overtime rate of pay for all time worked in excess of forty (40) hours in individual workweeks.

37.     Defendants were aware of their obligation to pay employees overtime and intentionally chose not to pay Plaintiffs accordingly.

38.     Defendants acted in bad faith in failing to properly compensate Plaintiffs for the work they performed.

**COUNT I – FAIR LABOR STANDARDS ACT – OVERTIME**

39.     Plaintiffs restate and incorporate Paragraphs 1 through 38 as though fully set forth herein.

40.     At all times relevant, the Diner has been an "employer" as defined in the FLSA. 29 U.S.C. ¶ 203, *et seq.*

41.     At all times relevant, Avila has been an "employer" as defined in the FLSA. 29 U.S.C. ¶ 203, *et seq.*

42.     At all times relevant, Plaintiffs were employed by the Diner as an "employee" within the meaning of the FLSA. 29 U.S.C. ¶ 203, *et seq.*

43.     At all times relevant, Plaintiffs were employed by Avila as an "employee" within the meaning of the FLSA. 29 U.S.C. ¶ 203, *et seq.*

44.     This Count arises from Defendants' violations of the FLSA, 29 U.S.C. § 201, *et seq.*, for their failure to pay Plaintiffs at the overtime rate for all hours worked in excess of forty (40) per workweek.

45.     Plaintiffs were entitled to be paid at the overtime rate for all hours worked in excess of forty (40) per workweek.

46.     Defendants failed to pay Plaintiffs at the overtime rate for all hours worked over forty (40) in a workweek.

47.     Defendants' failure to pay compensation to Plaintiffs at the applicable overtime rate for hours worked in excess of forty (40) hours per workweek is a violation of the FLSA.

48.     Defendants knew their obligations under the FLSA, but deliberately or recklessly chose not to heed them, as demonstrated by their compensation policy and methods of payment utilized to mask the hours Plaintiffs worked in excess of forty (40) hours per week.  Thus, Defendants' failure to pay overtime wages is a willful violation of the FLSA.

WHEREFORE, Plaintiffs, Eusebio Perez and Constantino Perez, respectfully request that this Court enter an order as follows:

a)     Awarding judgment for all unpaid back pay, including overtime, equal for the three (3) years preceding the filing of this Complaint, according to the applicable statute of limitations for willful violations of the FLSA;

b)     Awarding liquidated damages in an amount equal to the amount of unpaid compensation found due pursuant to 29 U.S.C. § 216(b);

c)     Awarding prejudgment interest with respect to the amount of unpaid overtime compensation;

d)     Awarding reasonable attorneys' fees and costs incurred as a result of Defendants' violation of the Fair Labor Standards Act;

e)     Entering an injunction precluding Defendants from violating the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*; and

f)     Awarding such additional relief as the Court may deem just and proper.

## COUNT II – ILLINOIS MINIMUM WAGE LAW – OVERTIME

57.     Plaintiffs restate and incorporate Paragraphs 1 through 38 as though fully set forth herein.

58.     The matters set forth in this Count arise from Defendants' violations of the IMWL for their failure to pay Plaintiffs at the overtime rate for all hours worked in excess of forty (40) per workweek.

59.     At all times relevant, the Diner has been an "employer" as defined in the IMWL. 820 Ill. Comp. Stat. 105/3(c).

60.     At all times relevant, Avila has been an "employer" as defined in the IMWL. 820 Ill. Comp. Stat. 105/3(c).

61.     At all times relevant, Plaintiffs were employed by the Diner as an "employee" within the meaning of the IMWL. 820 Ill. Comp. Stat. 105/1, *et seq.*

62.     At all times relevant, Plaintiffs were employed by Avila as an "employee" within the meaning of the IMWL. 820 Ill. Comp. Stat. 105/1, *et seq.*

63.     Pursuant to the IMWL, for all weeks during which Plaintiffs worked in excess of forty (40) hours, he was entitled to be compensated at the overtime rate.

64.     Plaintiffs regularly worked in excess of forty (40) hours per workweek.

65.     Defendants violated the IMWL by failing to compensate Plaintiffs at the overtime rate for all hours worked in excess of forty (40) hours per workweek.

66.     Pursuant to 820 Ill. Comp. Stat. 105/12(a), Plaintiffs are entitled to recover unpaid wages earned in the three (3) years prior to the filing of this Complaint, plus statutory damages in the amount of two percent (2%) per month of the amount of underpayments.

WHEREFORE, Plaintiffs, Eusebio Perez and Constantino Perez, respectfully request that this Court enter an order as follows:

a) Awarding judgment in the amount of all unpaid back pay owed to Plaintiffs pursuant to the IMWL;

b) Awarding prejudgment interest on the back pay in accordance with 815 Ill. Comp. Stat. 205/2;

c) Awarding statutory damages pursuant to the formula set forth in 820 Ill. Comp. Stat. 105/12(a);

d) Awarding reasonable attorneys' fees and costs incurred in filing this action; and

e) Ordering such other and further relief as this Court deems appropriate and just.

Dated: September 10, 2018

Alejandro Caffarelli, #06239078
Alexis D. Martin, #06309619
Caffarelli & Associates, Ltd.
224 S. Michigan Ave., Suite 300
Chicago, Illinois 60604
Tel. (312) 763-6880

Respectfully submitted,
EUSEBIO PEREZ, and
CONSTANTINO PEREZ

By: /s/ Alexis D. Martin
    Attorney for the Plaintiffs